[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties to this marriage intermarried on November 10, 1984 in Waterbury, Connecticut.
The plaintiff has resided in the state of Connecticut for at least twelve months next prior to the filing of the complaint.
The plaintiff and defendant have two (2) minor children issue of their marriage, Carissa Kimberly Kolakauskas, born September 17, 1983, and Kurt Stephen Kolakauskas, born June 8, 1985. No other minor CT Page 4958 children have been born to the defendant wife since the date of her main age.
Neither party is receiving any state aid or municipal assistance.
The parties have been experiencing marital difficulties for some time due to personality differences and financial difficulties. The parties separated in 1998, having concluded that they no longer felt they could make their marriage work.
Plaintiff is employed as general manager of Van Engelen, Inc. and earns $913.00 weekly gross earnings.
The defendant is employed as a direct care worker at the Southbury Training School and earns approximately $498.00 per week as gross wages.
In the present circumstances, the parties are heavily indebted with little or no assets from the marriage.
After having considered all the statutory criteria, the court enters the following orders.
Dissolution of the marriage on the grounds of irretrievable breakdown.
Custody of the minor children is awarded jointly to the parties with physical residence with the defendant wife with reasonable rights of visitation as specifically provided for in the family relations recommendation dated May 12, 1999 and as adopted by the parties which recommendations are adopted by this decree and incorporated by reference by this court.
In addition thereto, the plaintiff may have additional visitation as agreed to by the parties. Both plaintiff and defendant are awarded two (2) uninterrupted weeks of visitation with the minor children during summer school vacations. The parties are ordered to consult with each other thirty days prior to their prospective vacations, for the purpose of establishing the vacation schedule.
Plaintiff shall pay to the defendant by way of child support the sum of $100 per week for each of the minor children for a total of $200 in accordance with the Income Guidelines. In addition, the court finds an arrearage due and owing the defendant in the amount of $2,860.80 "as of April 7, 2000 and orders the sum of $20 per week payable thereon. CT Page 4959
The unreimbursed medical expenses are ordered paid 57 percent by defendant and 43 percent by plaintiff.
Plaintiff is ordered to provide medical insurance through his employer for the minor children.
The parties are ordered to share equally the educational expenses of the minor children, including any expenses the parties incur as a consequence of the attendance of Carissa Kolakauskas at the Taft School.
The parties are each awarded one exemption for the minor child for Internal Revenue and State Tax purposes as long as such children qualify as exemptions. Upon the oldest child no longer qualifying for exemption status, the parties will alternate annually the youngest child as an exemption for I.R.S. and state tax purposes as long as he qualifies for such status.
Plaintiff is ordered to pay two-thirds (2/3) of the following joint obligations:
 Peoples Credit Card in the amount of $15,684.00 North East Utilities in the amount of ..$240.00 J.C. Penney in the amount of ...........$778.00 I.R.S. Income Taxes in the amount of .$2,850.00 Filenes Department Store ...............$457.00 I.B.M. in the amount of ..............$7,800.00
The defendant is ordered to pay one third (1/3) of said joint obligations. All of the other obligations listed in the parties' affidavits are ordered paid by the party, on whose affidavit the obligations are reflected.
If the plaintiff decides to file for bankruptcy, necessitating defendant file as well, the plaintiff shall reimburse defendant for attorney's or bankruptcy fees and/or costs.
Plaintiff shall maintain $100,000 life insurance policy for the benefit of the minor children as beneficiaries as such is available through his employer.
The defendant's wife shall have exclusive use of the 1998 Nissan automobile and shall assume and pay all the lease payments associated therewith and hold the plaintiff harmless therefrom.
The plaintiff is ordered to pay to the defendant the sum of $25.00 CT Page 4960 per week periodic alimony until the youngest child, Kurt, graduates from high school or reaches majority whichever is the later event. The award is nonmodifiable as to duration.
In addition, the plaintiff is ordered to pay to the defendant wife the sum of $1.00 per year, periodic alimony nonmodifiable except in the event the defendant is medically disabled and unable to work, said alimony to terminate upon remarriage of the defendant, death of either party or cohabitation of the defendant as within the meaning of the statutes.
In addition to any other awards herein, each party is awarded the sum of one dollar ($1.00) per year periodic alimony to secure the respective indebtedness of the parties by the orders herein, said award being nonmodifiable except to secure the respective obligations for payment of their allocations of the parties' joint debt.
The parties are awarded and shall retain any and all pension rights they may have to retirement pensions free and clear of any claims of the other party.
The following items of personal property in the possession of the defendant are awarded to the plaintiff husband.
(1) the living room T.V. of the parties
(2) the swivel recliner, the plaintiff's Father's Day present
(3) one leather upright chair
(4) one automatic camera
(5) the plaintiff's toolbox and tools
(6) copies of the family photos to be duplicated at plaintiff's expense
(7) a division of the C.D. tapes and cassette tapes upon which the parties can agree
All of the remaining items of personal property are awarded to the defendant wife.
The defendant is restored her maiden name of Tina M. Duncan.
Plaintiff is ordered to pay the sum of $750.00 within six months CT Page 4961 towards defendant's counsel fees.
Kocay, J.